IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BRUCE HENRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-8118-KOB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the court on petitioner Bruce Henry's "Motion for Sentence Reduction and Vacatur Pursuant to § 2255(f)(3)—Johnson Claim." (Doc. 1).

In his motion, Mr. Henry claims that this court should vacate his sentence based on the United States Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Mr. Henry urges this court to apply *Johnson* to his case even though he was not sentenced under the ACCA. For the following reasons, the court refuses to extend *Johnson* beyond its holding and finds that Mr. Henry's motion to vacate under § 2255(f)(3) is due to be DENIED.

*Procedural History*

Pursuant to a plea agreement with the Government, Mr. Henry pled guilty to possession of child pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B) on February 26, 2013. The court sentenced him that same day to seventy months imprisonment,

and Mr. Henty did not appeal to the Eleventh Circuit. (Docs. 14 & 21 in 4:12-cr-550-KOB-SGC).

Mr. Henry filed his motion to vacate almost three years later on June 21, 2016, alleging that it is timely under § 2255(f)(3) because he filed it within one year of the *Johnson* decision. (Doc. 1). The court ordered Mr. Henry to show cause in writing why the court should not deny his motion to vacate because the holding and reasoning in *Johnson* does not apply to the facts of his case. (Doc. 2). Mr. Henry timely filed his response to the Show Cause Order. (Doc. 3).[1]

*Discussion*

The Supreme Court's holding in *Johnson* does not apply to Mr. Henry's case because the district court did not sentence Mr. Henry under the residual clause of the ACCA that the Supreme Court held was unconstitutionally vague. Mr. Henry responded to the Show Cause Order but did not specifically address why or how *Johnson* applied to his case. Instead, he submitted many pages of discussion of *Johnson* in general and other courts' interpretations of whether it applies to the Sentencing Guidelines. Mr. Henry's discussion regarding whether *Johnson* applies to the Sentencing Guidelines is inapposite because the Supreme Court held in *Beckles v. United States* that the holding in *Johnson* does not extend to collateral challenges to federal sentences enhanced under § 4B1.2(a)(2)'s residual clause under the

---

1. Mr. Henry filed a "Motion for Judicial Notice in Light of Seventh Circuit Ruling of 18 U.S.C. § 924(c)(3) as Void for Vagueness in Conjunction With a Decision Pending by This Court" almost four months after his response to the Show Cause Order. (Doc. 5). This court is not bound by a Seventh Circuit decision, especially one that has no bearing on his case, and finds that Mr. Henry's motion for judicial notice is due to be denied.

Sentencing Guidelines. 137 S. Ct. 886, 895 (2017). Moreover, the court did not enhance Mr. Henry's sentence as a career offender under that residual clause. And the cases Mr. Henry cites have nothing to do with a defendant like Mr. Henry—one who pled guilty to *possession of child pornography* who was *not* sentenced under the ACCA.

Instead, Mr. Henry wants this court to extend *Johnson*'s holding to his conviction under 18 U.S.C. § 2252A(a)(5)(B) for possession of child pornography because "the record clearly reveals that Henry never brought any harm to any individuals." He also argues that the court should apply *Johnson* to 18 U.S.C. § 3156(a)(4)(B), which defines a "crime of violence" for purposes of release and detention pending trial or sentencing. However, Mr. Henry gives no explanation how the Supreme Court's ruling in *Johnson* applies in any way to either child pornography cases, release or detention decisions before trial or sentencing, or his conviction and sentence. Without *Johnson*, Mr. Henry has no ground upon which to file a timely motion to vacate under § 2255.

Unfortunately for Mr. Henry, the Supreme Court's holding in *Johnson* does not extend to Mr. Henry's circumstances because the court did not sentence him under the ACCA. In fact, the court does not see how the reasoning in *Johnson* could apply *in any way* to Mr. Henry's conviction or sentence. This court has no authority to stretch the reasoning in *Johnson* far beyond what the Supreme Court specifically held.

Therefore, the court finds that Mr. Henry has no ground upon which to file a timely motion to vacate because *Johnson* does not apply to his case. Therefore, his motion to vacate pursuant to 28 U.S.C. § 2255(f)(3) is due to be denied.

The court will enter a separate Order.

DONE and ORDERED this 4th day of January, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE